In the Matter of VICTORIA FORTADO, an Infant Married under Legal Age.

APRIL TERM, 1888.

APPEAL FROM DECISION OF BICKERTON, J.

JUDD, C.J., McCULLY, PRESTON, BICKERTON, and DOLE, JJ.

The petitioner, the father of a female alleged to have been married under age, applied to have the marriage declared a nullity. He was allowed to amend his petition : (See ante, p. 219) : and filed a paper stating "he amends his original petition herein as follows," and states what the amendments are, but did not alter the original petition or file an amended one. A summons was served upon the minor requiring her to answer the annexed petition. The amendments were annexed but not the original petition, neither was the appointment of a guardian *ad litem* or an order for substituted service obtained. Bickerton, J. having made an order in favor of the petitioner, the husband appealed.

Held, that a marriage in fact having been established, it was necessary before such marriage could be declared a nullity, that every proceeding should be regular.

Held also, that the female defendant was not properly before the Court, and that the whole of the proceedings taken since the previous decision were irregular to such an extent as to vitiate everything purporting to have been done under them.

Appeal allowed.

OPINION OF THE COURT, BY PRESTON, J.

This is an appeal by Pedró Fernandez against a decision of His Honor, Mr. Justice Bickerton, sitting in Chambers, declaring a marriage between the appellant and one Victoria Fortado null and void on the ground that the alleged wife was under the age of fourteen years at the time of the alleged marriage.

The action was commenced by a petition filed by Antone Moniz Fortado, the father of Victoria, against the appellant, who was served with the petition and summons.

The defendant demurred to the petition on the ground that he alone was made a party defendant thereto, and claiming that Victoria, the alleged wife, was a necessary party.

The demurrer was argued before the Chief Justice and over-ruled and the defendant appealed.

The appeal was heard at the last January Term and was allowed, the majority of the Court holding that "suits of this nature should be brought in the name of the minor by the parent or guardian and that this suit should have been brought in the name of Victoria Fortado by her father Antone Moniz Fortado, or in his own name, making the minor a party defendant."

The plaintiff had leave to amend and on the 8th day of February he filed a paper stating that he "amends his original petition herein as follows:" and states what the amendments are, but did not alter the original petition or file an amended one.

A summons was issued and served upon "Victoria Fortado" on the 8th February, requiring her to appear before Mr. Justice Bickerton on the 10th February "to answer the annexed petition of Antone M. Fortado."

There was annexed to the summons the amendments to the petition only. The original petition was not annexed.

The plaintiff did not obtain an order for the appointment of a guardian *ad litem* for the minor defendant, nor an order for substituted service.

Both defendants answered by counsel and the hearing took place on the 26th of February and the 5th of March, and a decision was rendered in favor of the plaintiff.

From this decision the defendant Pedro Fernandez appealed.

The appellant contends that as no guardian was appointed for the minor defendant, she was therefore not properly before the Court and the decision made is not binding upon the appellant.

We have carefully considered the various papers on file in this case, and the argument on behalf of the appellant.

There is no doubt that a marriage in fact between these parties has been established. To declare that marriage a nullity, every proceeding in the case must be regular.

We must consider what would be the position of any future husband or wife of these parties, and of their children, should they have any, if these proceedings should be hereafter attacked, and we must hesitate before giving a decision which would apparently affirm such nullity but still leave the question open.

We are of opinion that the petition has not been properly amended, and that as the female defendant has not been served with a copy of the petition, and no guardian *ad litem* having been appointed for her nor any order for substituted service upon her obtained, the female defendant has not been properly before the Court so as to be bound by any decree, and therefore that the appeal must be allowed.

We think the whole of the proceedings taken since the decision of this Court, allowing the demurrer, have been irregular to such an extent as to vitiate everything purporting to have been done under them. At the same time we regret that objection was not taken at the hearing so that the time then taken up could have been saved.

The case should have been entitled as an action "Antone Moniz Fortado against Pedro Fernandez and Victoria Fortado, falsely called Fernandez."

The plaintiff must pay the costs incurred since the former decision of this Court and also the costs of this appeal.

## CONCURRING OPINION, BY DOLE, J.

The majority of the Court having already decided, in an issue of law raised by demurrer in these proceedings, that suits of this nature should be brought in the name of the minor by the parent or guardian, or in the name of the parent or guardian making the minor a party defendant, and it appearing that the minor in this case has not been represented in the proceedings as a party thereto, I concur in the above decision.

*V. V. Ashford*, for plaintiff.

*Smith* and *Kinney*, for defendants.